IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

2205 FIFTH, LLC, a West Virginia
limited liability company,

           Plaintiff,

v.                         CIVIL ACTION NO. 3:07-0798

ALCON LABORATORIES, INC.,
a Delaware corporation,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Alcon Laboratories, Inc.'s ("Alcon") Motion to Dismiss Count II of the Complaint. [Doc. No. 4]. Plaintiff 2205 Fifth, LLC opposes the motion. For the following reasons, the Court **DENIES** Defendant's motion.

**I.
FACTS**

Through a series of transactions, Plaintiff became the lessor and Defendant became the lessee of certain property real property located at 2205 Fifth Street in Huntington, West Virginia.[1] In Count II of the Complaint, Plaintiff alleges that under the terms of the lease, referred

---

[1]In paragraphs three and four of the Complaint, Plaintiff asserts that

> [t]he Premises was originally leased by United Trust Fund, Inc., then the owner, to Ashland Coal, Inc. on August 6, 1980 . . . . On April 1, 1984, Ashland Coal, Inc. assigned its interest in the Base Lease to Cilco, Inc. Thereafter, Defendant, Alcon Laboratories, Inc., by merger or otherwise, succeeded the interest of Cilco, Inc. under the Base Lease. On October 1,

(continued...)

to by the parties as the "Base Lease," Defendant was required "to comply, at its expense, with all ordinances, rules, regulations, orders and requirements in effect during the term of the Base Lease which regulate the use and/or occupancy of the Premises." *Complaint*, at ¶ 17. In addition, the Base Lease required Defendant "to cause all alterations, replacements and additions to comply with all existing laws, ordinances and regulations applicable thereto." *Id.* at ¶ 18. According to Plaintiff, Defendant made extensive alterations to the premises after 1992 which caused the premises to fall out of compliance with the Americans with Disabilities Act (ADA). Plaintiff also asserts that Defendant failed to maintain the premises in compliance with local codes, ordinances, or regulations and "acknowledged certain environmental and legal violations regarding its sublessee's use of the Premises[.]" *Id.* at ¶¶ 21-22. Plaintiff asserts it has suffered $600,000 in damages because of the Premises' non-compliant condition. *Id.* at ¶ 23.

## II.
## STANDARD OF REVIEW

In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), the United States Supreme Court recently disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which has long been used to evaluate complaints subject to 12(b)(6) motions. 127 S. Ct. at

---

[1](...continued)
    1996, Defendant subleased portions of the Premises to Ashland Coal, Inc. which later assigned its sublease to Applied Card Systems, Inc. pursuant to ratification of the same by Defendant on September 2, 1998.

    4. Plaintiff, 2205 Fifth, LLC, acquired the Premises by deed dated September 15, 2005 and recorded in the Office of the Clerk of the County Commission of Cabell County, West Virginia . . . .

*Complaint*, at ¶¶ 3, in part, and 4.

1969. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 1965 (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966 (internal quotation marks and citations omitted). Two weeks after issuing its decision in *Twombly*, the Court emphasized in *Erickson v. Pardus*, 127 S. Ct. 2197 (2007), that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964 (other citations and some internal quotations omitted). Thus, "a universal standard of heightened fact pleading" is not required, rather it is "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143,157-58 (2d Cir. 2007) (italics original). It is under this revised standard that the Court must evaluate Plaintiff's Complaint in light of Defendant's 12(b)(6) motion.

**III.**
**DISCUSSION**

In its motion to dismiss, Defendant argues that Plaintiff fails to state a claim upon which relief can be granted in Count II for two reasons. First, Defendant asserts that the Base Lease does not require it to make any alterations or improvements. Instead, it relieves Plaintiff of making any alterations or improvements that were necessary for Defendant's use and enjoyment of the Premises during its tenancy. Second, Defendant claims that any "obligation" it may "have had (*i.e.*, to bear any expenses necessary for . . . [its] continued enjoyment of the Premises during its tenancy) expired when the term of the Base Lease ended." *Memorandum in Law in Support of Defendant's Motion to Dismiss Count II of the Complaint*, at 4. According to Defendant, the Base Lease expired on August 5, 2005.

The relevant sections of the Base Lease are found at §§ 4.1, 6.1, and 6.2. Section 4.1 states:

> 4.1 [Lessee] shall have the right to use the Demised Premises for any lawful purpose, provided such use, if other than for office purposes, shall not unreasonably diminish the value of the improvements. [Lessee] shall, at [its] expense, comply promptly with all applicable statutes, ordinances, rules, regulations, orders and requirements in effect during the term hereof regulating the use and/or occupancy of the Demised Premises by [Lessee].

*Base Lease*, at § 4.1. Sections 6.1 and 6.2 further provide:

> 6.1 [Lessee] may, at its expense, at any time and from time to time make alterations and replacements of and additions to the building and other improvements comprising part of the Demised Premises so long as such alterations, replacements or

>additions do not diminish the fair market value of the Demised Premises: provided, however, [Lessee] shall make no structural alteration to the building comprising part of the Demised Premises without first obtaining [Lessor's] prior written consent, which consent shall not be unreasonably withheld. [Lessee] shall give written notice of any such proposed structural alteration to [Lessor] and The Lincoln National Pension Insurance Company. If [Lessor] does not respond within thirty (30) days to a notice by [Lessee] of its intention to make a structural alteration of the building comprising part of the Demised Premises, [Lessor] shall be deemed to have given its consent to a proposed structural alteration.
>
>6.2 All such alterations, replacements and additions shall be performed by [Lessee] in a good and workmanlike manner and in accordance with all existing laws, ordinances and regulations applicable thereto and shall be completed free and clear of any and all mechanic's liens or other lien claims against [Lessor] or against the Demised Premises.

*Id.* at ¶¶ 6.1, and 6.2.

In its motion, Defendant focuses on § 4.1 and asserts that such provisions are common in commercial leases and are typically referred to as "compliance clauses." Defendant argues these clauses do not impose any obligation upon it to make repairs or alterations unless such is necessary for its continued use and enjoyment of the premises. In addition, Defendant asserts that it is under no obligation to ensure the premises comply with the law after the lease expires. Defendant cites a number of cases in support of its position[2] and insists that the purpose of a

---

[2]*Citing In re 1600 Arch Ltd. P'ship*, 938 F. Supp. 300 (E.D. Pa. 1996); *Brown v. Green*, 884 P.2d 55 (Cal. 1994)*; Wolf v. 2539 Realty Assoc.*, 560 N.Y.S.2d 24 (N.Y. App. Div. 1990); *Fisher Props., Inc. v. Arden-Mayfair, Inc.,* 726 P.2d 8 (Wash. 1986); *Lindsay Bros., Inc. v. Milwaukee Cold*
(continued...)

compliance clause is to relieve a lessor of any obligation it otherwise may have to make repairs and alterations necessary for the lessee's continued enjoyment.

In response, Plaintiff argues that this case is distinguishable from those cited by Defendant because they primarily involved relative inactivity by the lessee. Here, however, Plaintiff asserts that it was Defendant's extensive remodeling of the Premises and alteration of the electrical wiring and other structural components which caused the building to be subject to the ADA. In addition, Plaintiff asserts that the use of the phrase "during the term" in § 4.1 does not relieve Defendant of its obligations to "comply promptly with all applicable statutes, ordinances, rules, regulations, orders and requirements" merely because the lease has expired.

Clearly, the parties dispute the meaning of § 4.1 and what that section requires, if anything, of Defendant. However, Count II is premised not only upon § 4.1 but also on § 6.2. In relevant part, § 6.2 provides: "All such alterations, replacements and additions shall be performed . . . in accordance with all existing laws, ordinances and regulations applicable thereto . . . ." Thus, regardless of the Court's decision upon the effect of § 4.1, Plaintiff still has stated a claim in Count II under § 6.2 by alleging that Defendant made extensive alterations to the Premises and those alterations made the Premises noncompliant with the ADA. Therefore, the Court **DENIES** Defendant's Motion to Dismiss Count II as Plaintiff, at the very least, has stated a cause of action under § 6.2.

---

[2](...continued)
*Storage Co.*, 207 N.W.2d 639 (Wis. 1973); and *Puget Inv. Co. v. Wenck*, 221 P.2d 459 (Wash. 1950).

## IV.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss Count II of the Complaint. [Doc. No. 4]. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: February 27, 2008

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE